06 CV. 7637 (SAS)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KAREEM ANNUNZIATA,

                                                                                   Plaintiff,

-against-

THE CITY OF NEW YORK, DETECTIVE PATRICK HENN, Shield #06731, DETECTIVE EDWARD BOWLER, Shield #12369, DETECTIVE KEVIN GASSER, Shield #31769 & DETECTIVE WALKER,

                                                                         Defendants.

---

## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

---

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church St.*
*New York, New York 10007*
Of Counsel: Sumit Sud and Prathyusha Reddy
Tel: (212) 788-1096

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
KAREEM ANNUNZIATA,

                                  Plaintiff,        06 Civ. 7637 (SAS)

            -against-

THE CITY OF NEW YORK, et al.

                               Defendants.

------------------------------------------------------------------------x

### REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

### PRELIMINARY STATEMENT

Defendants City of New York, Detectives Matthew Walker and Kevin Gasser respectfully submit this Reply Memorandum of Law in further support of their motion for partial summary judgment, on the grounds that (1) plaintiff cannot prove defendant City of New York's liability under federal law, (2) plaintiff's claims under state law against the City of New York on theories of negligent hiring, training or supervision are legally barred, (3) New York's "fellow officer rule" provided Detective Walker with probable cause to arrest plaintiff, (4) there are no grounds for a malicious prosecution claim against Detective Walker or Detective Gasser and, in the alternative, (5) Detective Walker is entitled to qualified and state law good faith immunity from the false arrest and malicious prosecution claims.

### STATEMENT OF FACTS

For a statement of relevant facts, the Court is respectfully referred to defendants' Local Civil Rule 56.1 Statement of Undisputed Facts, dated March 28, 2008.

1

## ARGUMENT

### POINT I

### THE FACTS CONTAINED IN DEFENDANTS' LOCAL CIVIL RULE 56.1 STATEMENT SHOULD BE DEEMED ADMITTED

Since plaintiff failed to provide a proper response to defendant's Local Rule 56.1 Statement, the facts set forth in Defendants' 56.1 Statement should be deemed admitted. See Berdugo v. City of New York, 03 CV 7319 (HB), 2004 U.S. Dist. LEXIS 16870 at *2, n.1 (S.D.N.Y. Aug. 23, 2004) ("Southern District of New York ("S.D.N.Y.") Local Rule 56.1(b) requires that a party opposing summary judgment include 'a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried.' If the non-movant fails to controvert any numbered paragraphs with 'a correspondingly numbered paragraph,' those numbered paragraphs will be 'deemed to be admitted.' . . . Further, S.D.N.Y. Local Rule 56.1(d) requires that each statement of material fact by a movant or an opponent' must be followed by citation to evidence which would be admissible . . .'").

Here, plaintiff has not submitted an appropriate statement of facts pursuant to Local Civil Rule 56.1 in opposition to defendants' motion for summary judgment. Plaintiff's opposition does not contain correspondingly numbered paragraphs responding to each numbered paragraph in the statement of the moving party. Rather, plaintiff appears to have presented his own 56.1 Statement which bears no relationship to the moving parties' 56.1 statement as required by the Local Rule. Accordingly, defendants' Rule 56.1 Statement should be deemed admitted.

## POINT II

### PLAINTIFF DOES NOT OPPOSE THE CLAIMS AGAINST THE MUNICIPAL DEFENDANT

Plaintiff fails to oppose defendants' motion to dismiss the claims of municipal liability under both Monell and substantive state law. Accordingly, plaintiff's silence should be viewed as a concession that there is no basis for his Monell claim and substantive state law claims against the City of New York. As such, the City of New York is entitled to summary judgment all such claims.

## POINT III

### PLAINTIFF CANNOT RELY UPON INADMISSIBLE EVIDENCE TO OPPOSE SUMMARY JUDGMENT

A. **Plaintiff Cannot Rely Upon Inadmissible Character Evidence to Rebut the Probable Cause Determination.**

In plaintiff's opposition, in an effort to rebut defendants' determination that there was probable cause to arrest plaintiff, plaintiff seeks to rely on inadmissible character evidence. Specifically, plaintiff seeks to rely upon defendants Henn, Glasser and Walkers' disciplinary records with the New York City Police Department. (See Plaintiff's Memorandum of Law in Oppostion ("Pl. Opp.") at pp. 7-8). "Federal Rule of Evidence 404(b) prohibits the introduction of character evidence to show that an individual has a certain predisposition, and acted consistently with such predisposition during the event in question." Scott Lombardo v. James Stone, et al., 99 Civ. 4603, 2002 U.S. Dist. LEXIS 1267, at **8-9 (S.D.N.Y. Jan. 28, 2002). The Court continues, "[t]he rationale behind this rule is that 'character evidence is of slight probative value and may be very prejudicial. It tends to distract the trier of fact from the main question of what actually happened on the particular occasion.'" Id. (quoting Lataille v. Ponte, 754 F.2d 33, 35 (1st Cir. 1982) (citing Committee Note to Federal Rule of Evidence 404(b)). In addition, the leading view

3

is that character evidence is not admissible in civil cases. See SEC v. Towers Fin. Corp., 966 F. Supp. 203, 205 (S.D.N.Y. May 8, 1997) (collecting authority and cases).

Although the Second Circuit follows an "inclusionary approach" to admit evidence "for any other relevant purpose" under 404(b), the caveat is that the evidence cannot be offered to show propensity. Moreover, even evidence that is not being offered to show propensity is still subject to the limitations of Federal Rule of Evidence 403 before being deemed admissible. Lombardo, 2002 U.S. Dist. LEXIS, at **10-11. Rule 403 "permits the exclusion of relevant evidence if the probative value of that evidence is 'substantially outweighed' by, among other things, 'the danger of unfair prejudice.'" Berkovich v. Hicks, 922 F.2d 1018, 1022 (2d Cir. 1991).

In view of the foregoing, plaintiff's reliance on defendants' disciplinary records is patently inadmissible under both Rules 404 and 403. First, plaintiff is only seeking to enter the disciplinary records into evidence to show that the defendants acted in conformity with their alleged prior acts. Evidence offered for this purpose, however, is expressly prohibited by Rule 404(b). Moreover, the evidence is also inadmissible under Rule 403. Plaintiff asserts that the probative value of this evidence is to show the defendants "do not take their responsibilities seriously as police officer, or [their] obligation under oath." Pl. Opp. at p. 7. The issues in this case, however, are whether there was probable cause to arrest plaintiff and whether defendants coerced a witness into testifying against plaintiff. Defendants submit that unsubstantiated allegations of excessive force, which is not at issue in this case, are not remotely probative. Notwithstanding, to the extent that some attenuated probative value exists, it would be substantially outweighed by the danger of unfair prejudice to the defendants. The defendants risk having the jury render the alleged misconduct as prior bad acts. Thus, plaintiff's reliance on inadmissible character evidence is wholly improper.

Moreover, plaintiff cannot use defendants' purported lack of credibility to create a triable issue of fact on the issue of probable cause. Probable cause is an objective determination based upon the information available to the officers at the time of the arrest; the officer's subjective beliefs and motivations are irrelevant. Devenpeck v. Alford, 125 S. Ct. 588, 593-94 (2004); Martinez v. Simonetti, 202 F.3d 625, 633 (2d Cir. 2000); Obilo v. City of New York, 01 CV 5118, 2003 U.S. Dist. LEXIS 2886, at *22 (E.D.N.Y. Feb. 28, 2003). Here, because the objective facts establish probable cause, plaintiff's false arrest claim must fail as a matter law.

In sum, under the Federal Rules of Evidence, plaintiff cannot seek to rely on defendant officers' disciplinary records to show lack of probable cause to arrest plaintiff. Thus, any reference to it should not be considered by this Court.

**B.      Plaintiff Cannot Rely Upon Inadmissible Hearsay in Opposing a Motion for Summary Judgment.**

Plaintiff attempts to oppose defendants' motion for partial summary judgment by relying upon Bruce Mitchell's audiotaped, written and in-court statements which reference Detective Walker. Pl. Opp. at pp. 10-17. Such "evidence," however, is inadmissible hearsay and cannot be relied upon in opposing a motion for summary judgment. See e.g., Capobianco v. City of New York, 422 F.3d 47, 55 (2d Cir. 2005) (hearsay insufficient to oppose summary judgment); Trinidad v. N.Y. City Dep't of Corr., 423 F. Supp. 2d 151, 161 (S.D.N.Y. 2006); Gonzalez v. City of New York, 354 F. Supp. 2d 327, 347 n.29 (S.D.N.Y. 2005) (hearsay "unusable" to defeat summary judgment). In considering a motion for summary judgment, the Court is to view all facts and inferences in the light most favorable to non-moving party, however, those "facts and inferences must be drawn from admissible evidence." See also, Abreu v. The City of New York, 04 CV 1721 (JBW), 2006 U.S. Dist. LEXIS 6505, at **8-9 (E.D.N.Y. Feb. 22, 2006). "Evidence that would not be admissible at trial cannot provide a basis for a denial of a motion for summary

5

judgment." Id. 2006 U.S. Dist. LEXIS 6505, at *9. Here, because plaintiff relies upon inadmissible evidence and misstates the facts of record, he has not met his burden or created a triable issue of fact. In addition, defendants respectfully refer the Court to its fully briefed Motion *In Limine*, for a complete analysis regarding the inadmissibility of Mitchell's prior statements that purport to implicate the individual defendants.

## POINT IV
### PLAINTIFF HAS NOT RAISED A QUESTION OF FACT WITH RESPECT TO THE ISSUE OF PROBABLE CAUSE

Plaintiff has failed to raise one genuine issue to dispute that Detective Walker had probable cause to arrest plaintiff based on New York's "fellow officer rule." As set forth more fully in defendants' original moving papers, this rule provides that an officer may make an arrest upon the direction of a superior or fellow officer or other police department personnel provided that the police as a whole were in possession of information sufficient to constitute probable cause. People v. Ramirez-Portoreal, 88 N.Y.2d 99, 113 (1996).

Here, although Detective Walker was not involved in the interview of Mr. Mitchell, a fact he readily concedes, he was aware that Detective Henn was investigating the case. Smith Decl., Exhibit B at p. 50-51. Thus, when Detective Walker was told that Detective Henn had concluded there was probable cause to arrest plaintiff, he was entitled to rely on that determination. Id., Exhibit C at p.50:5-15. Plaintiff fails to proffer any reason why Detective Walker should have found Detective Henn to not be credible.

Rather, plaintiff asserts that probable cause did not exist based on the fact the Bruce Mitchell made three separate statements that plaintiff did not commit the crime. First, Mitchell's three prior statements constitute inadmissible hearsay and are therefore inadmissible in a motion from summary judgment. See Point III(b), supra. Moreover, Mitchell's statements that plaintiff

6

did not commit the crime have no bearing on whether there was probable cause to arrest plaintiff because the alleged statements were made *after* plaintiff's arrest. Probable cause is an objective determination based upon the information available to the officer *at the time* of the arrest." Devenpeck v. Alford, 125 S. Ct. 588, 593-94 (2004); Martinez v. Simonetti, 202 F.3d 625, 633 (2d Cir. 2000); Obilo v. City of New York, 01 CV 5118, 2003 U.S. Dist. LEXIS 2886, at *22 (E.D.N.Y. Feb. 28, 2003). Thus, Mitchell's subsequent recantation has no bearing on whether Detective Walker had probable cause to arrest him. See e.g., Dukes v. City of New York, 879 F. Supp. 335 (S.D.N.Y. 1995) (critical point in time to determine whether probable cause exists is at the time the arrestee is taken into custody).

Plaintiff also attempts to argue that there was no probable cause to arrest plaintiff because the defendants' timeline is not credible. Plaintiff, however, fails to cite to any admissible evidence other than his own speculative theories to explain why the detectives' timeline is so incredible that no reasonable juror could believe it. In addition, plaintiff misleadingly tries to create an issue of fact by relying on a portion of defendant Gasser's testimony that Detective Henn called him to say that "Bruce" was the shooter, not plaintiff. Pl. Opp. at p. 8. This is improper. Defendant Gasser explained further on in his deposition that Detective Henn called him to say that "Boozer" (a.k.a. plaintiff) was the shooter. Smith Decl., Exhibit C, p. 50:5-15. Detective Gasser subsequently relayed this information to Detective Walker. Smtih Decl., Exhibit B at pp.50-51. Thus, plaintiff has failed to create a triable issue of fact as to whether Detective Walker had probable cause to arrest plaintiff. As such, Detective Walker is entitled to summary judgment.

Finally, plaintiff attempts to create an issue of fact by relying on statements made by Kirk Lapaix, Ephraim Desty, Jamal London, Marjorie Webster, Brenda Wright and David Denny. Pl. Opp. at p. 5. Again, this is improper. First, it should be noted that the statements do not provide

exculpatory information because none of the aforementioned witnesses saw the shooting take place. Colihan Decl., Exhibits 3, 4 and 5. Therefore, none of the witnesses could provide information as to plaintiff's whereabouts during the exact moment of the shooting and their statements are irrelevant to the determination of probable cause.

Furthermore, to the extent plaintiff contends that the detectives were required to further investigate the witnesses' statements prior to arresting plaintiff, his argument fails as a matter of law. Once there is probable cause to arrest, officers have no duty to continue to investigate. Baker v. McCollan, 443 U.S. 137, 146 (1979); Krause v. Bennett, 887 F.2d 362, 371 (2d Cir. 1989); Sandoval v. Medina, 97 CV 6580, 1999 U.S. Dist. LEXIS 23405, at **12-13 (E.D.N.Y. July 22, 1999). Nevertheless, this argument has no bearing on whether there was probable cause to arrest plaintiff with respect to Detective Walker. Detective Walker was entitled to rely upon the representation of his fellow-officers, and as such, he acted with the requisite probable cause when he placed plaintiff under arrest. Even if, as plaintiff argues, Henn had engaged in wrongdoing with Bruce Mitchell, this does not impute to Detective Walker. Savino v. City of New York, 331 F.3d 63, 74 (2d Cir. 2003).

Accordingly, under the fellow officer rule, the facts in Detective Walker's possession at the moment he placed plaintiff under arrest were sufficient to establish probable cause and plaintiff's false arrest claim against Detective Walker must be dismissed.

### POINT V

### PLAINTIFF HAS NOT RAISED A QUESTION OF FACT WITH RESPECT TO PLAINTIFF'S CLAIM FOR MALICIOUS PROSECUTION

Plaintiff fails to raise a question of admissible fact or cite to relevant law to defeat defendants Walker and Gasser's motion for summary judgment regarding malicious prosecution.

### A.   Plaintiff Cannot Establish that Walker or Gasser Initiated or Continued the Criminal Proceeding Against Plaintiff.

Plaintiff contends that because Walker and Gasser arrested plaintiff, "[t]his is in one sense at least part of the 'initiation of criminal proceedings." Pl. Opp. at p.17. Plaintiff, however, cites to absolutely no legal authority for that proposition. To the contrary, courts within this circuit have found that once a criminal defendant is formally charged with a crime, the chain of causation between the officer's conduct and the claim of malicious prosecution is broken by the intervening actions of the prosecutor, thereby abolishing the officer's responsibility for the prosecution." Williams v. City of New York, 02 Civ. 3693, 2003 U.S. Dist. LEXIS 19078 at *19 (S.D.N.Y. Oct. 23, 2003) (internal citations omitted). As such, plaintiff's reliance on the fact that Walker and Gasser arrested plaintiff to support the initiation prong of a malicious prosecution claim is incorrect and not supported by relevant case law.

### B.   Plaintiff Cannot Rebut the Presumption of Probable Cause

Because plaintiff was indicted by a grand jury for assault in the first degree, plaintiff must proffer evidence, documents, or witnesses that would rebut that presumption. Plaintiff, however, has not come forward with any evidence to prove that his indictment was procured by fraud, perjured testimony, the suppression of evidence, or other police misconduct undertaken by Detective Walker of Detective Gasser in bad faith. The only facts that plaintiff relies on are Bruce Mitchell's hearsay statements. This "evidence," however, will not be admissible at trial and therefore, cannot be considered at this juncture. See Point III(b), supra. Accordingly, plaintiff fails to overcome the presumption of probable cause as to plaintiff's malicious prosecution claim as it relates to those two detectives.

9

### C. There is No Evidence of Actual Malice

Plaintiff presents no admissible evidence to point to any animus defendant Detective Walker had against plaintiff. Plaintiff instead relies, again, on Bruce Mitchell's inadmissible hearsay statements and cites to Sulkowska v. City of New York, 129 F. Supp.2d 274, 295 (S.D.N.Y. 2001) (quoting Martin v. City of Albany, 42 N.Y.2d 13, 17, 396 N.Y.S.2d 612, 364 N.E.2d 1304 (1977)), for the proposition that where probable cause is "'so totally lacking,' malice [may] reasonably be inferred." Pl. Opp. at p. 18. This argument, however, does not avail plaintiff.

Aside from the fact that plaintiff cannot not rely on inadmissible evidence to support this claim on a summary judgment motion, plaintiff simply cannot establish that Detectives Walker or Gasser took any action based on a wrong or improper motive. Therefore, he cannot meet his burden on summary judgment to profer evidence establishing "actual malice."

For these reasons, defendants Walker and Gasser's motion for summary judgment on the claim of malicious prosecution should be granted.

## POINT V

### PLAINTIFF HAS NOT RAISED A QUESTION OF FACT ON THE ISSUE OF QUALIFIED IMMUNITY AND STATE LAW GOOD FAITH IMMUNITY

Plaintiff argues, without citation to any legal authority to support his position, that defendants are not entitled to qualified immunity due to there lack of credibility and the fact that Detective Walker is mentioned in a taped statement by Bruce Mitchell. As discussed in Point III, supra, plaintiff cannot rely on defendants' purported lack of credibility to create a triable issue of fact and plaintiff cannot rely on inadmissible hearsay evidence to create an issue of fact in an opposition to a motion for summary judgment. As such, defendant Walker is entitled to federal qualified immunity and state law good faith immunity from plaintiff's false arrest and malicious prosecution claims.

## CONCLUSION

**WHEREFORE**, defendants City of New York, Detective Matthew Walker and Detective Kevin Gasser respectfully request that this Court issue an order granting their motion for partial summary judgment, and for such other and further relief as may be just, proper and equitable.

Dated: New York, New York
      April 28, 2008

                              **MICHAEL A. CARDOZO**
                              Corporation Counsel of the
                                 City of New York
                              Attorney for Defendants
                              100 Church Street
                              New York, New York 10007
                              (212) 788-1096

By: _____
      SUMIT SUD (SS 2781)
      PRATHYUSHA REDDY (PR5579)
      Assistant Corporation Counsel
      Special Federal Litigation Division

11